**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

MARIBEL DEL CARMEN                          CIVIL ACTION NO. 26-1254
LUZARDO DE CHACIN

VERSUS                                      JUDGE S. MAURICE HICKS, JR.

MARKWAYNE MULLIN, ET AL.                    MAGISTRATE JUDGE LEBLANC

**MEMORANDUM RULING**

Before the Court is Before the Court is an Emergency Motion for Temporary Restraining Order (Record Document 2) filed by Petitioner, Maribel Del Carmen Luzardo De Chacin ("Petitioner"), proceeding *pro se*. Petitioner is a native and citizen of Venezuela who entered the United States on or about April 28, 2021, with her husband and family members. See Record Document 1 at 4–5. Upon entry, Petitioner's husband expressed a fear of return, and Petitioner, along with her family, was subsequently granted humanitarian parole and released into the United States pending adjudication of their immigration claims. See id. at 5. Petitioner represents that she remained in the United States for several years, maintained employment, complied with immigration requirements, and has no criminal history. See id. at 6–7.

In March 2026, Petitioner accompanied her husband to the Nashville ICE Field Office for his scheduled credible fear interview. See id. at 5, 7. Following that process, Petitioner's husband received a negative credible fear determination. See id. at 7. Petitioner alleges that, immediately thereafter, both she and her husband were taken into custody by ICE, and Petitioner was later transferred to the Richwood Correctional Center, where she remains detained. See id. at 2.

Petitioner has filed a Petition for Writ of Habeas Corpus, along with the present Motion seeking emergency injunctive relief. See Record Documents 1 & 2. Petitioner contends that her continued detention has become unlawful because the Government has failed to provide timely judicial review of the negative credible fear determination as required by statute. See Record Document 1 at 8. She asserts that, as a result, her detention has transitioned from a lawful administrative hold into an arbitrary and indefinite deprivation of liberty in violation of the Due Process Clause. See id.

The present Motion seeks a Temporary Restraining Order directing expedited consideration of her claims and preserving the status quo pending resolution of her habeas petition. See Record Document 2. Specifically, Petitioner asks the Court to prohibit Respondents from transferring her outside this judicial district or to another detention facility and to otherwise maintain her current conditions of confinement while this matter is under review. See id. at 9–10.

An applicant for a Temporary Restraining Order must demonstrate each of the following: (1) a substantial likelihood his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) granting the injunction will not disserve the public interest. See Misquitta v. Warden Pine Prairie ICE Processing Center, 353 F. Supp. 518, 521 (W.D. La. Nov. 16, 2018) (citing Piedmont Heights Civic Club, Inc. v. Moreland, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district court's discretion. See Moore v. Brown, 868 F.3d 398, 402 (5th Cir. 2017). And courts should deny such motions more often than not. See Albright v. City of New Orleans, 46 F.Supp.2d 523, 532 (E.D. La. 1999)

2

(explaining that temporary restraining orders are "extraordinary relief and rarely issued."); see also Suburban Propane, L.P. v. D & S GCTX LLC, 2025 WL 2429087, at *2 (W.D. Tex. 2025) (holding that the extraordinary relief under Rule 65 must be "unequivocally show[n]."); see also Anderson v. Jackson, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

To the extent Petitioner seeks expedited consideration of her Habeas Petition, the Motion is **GRANTED**. Accordingly, the Petition for Writ of Habeas Corpus (Record Document 1) is hereby **REFERRED** to the Magistrate Judge for the setting of expedited briefing deadlines.

In all other respects, the Motion is **DENIED**. First, to the extent Petitioner seeks judicial review of the negative credible fear determination or an order effectively invalidating the basis for her continued detention, such relief is duplicative of the relief requested in her underlying habeas petition. The Court declines to grant, through a temporary restraining order, relief that would effectively resolve the merits of the habeas petition prior to full briefing and consideration. Petitioner's motion for injunctive relief is essentially a motion to decide the habeas petition now. See Garcia-Aleman v. Thompson, No. SA-25-CV-00886-OLG-HJB, 2025 WL 3769302, at *1 (W.D. Tex. Oct. 30, 2025).

Second, to the extent Petitioner seeks to enjoin her removal, this Court lacks jurisdiction to grant such relief. The Fifth Circuit recently reiterated that "federal courts lack jurisdiction over claims connected directly and immediately with a decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal

orders." Id., citing Humphries v. Various Fed. USINS Emps., 164 F.3d 936, 943 (5th Cir. 1999) and 8 U.S.C. § 1252(g) (internal quotations omitted).

Finally, as for Petitioner's request that the government be prohibited from transferring her, "[m]ere speculation or conclusory allegations of an irreparable injury are insufficient to entitle a movant to injunctive relief." Lotter v. Lyons, 2025 WL 2946630, at *1 (W.D. Tex. Aug. 22, 2025). Petitioner has failed to show a likelihood that she will be transferred to another facility, and the Court is reluctant to set a precedent that would interfere with the government's need to transfer any immigration detainee with a pending habeas petition.

**CONCLUSION**

Based on the reasons explained above, Petitioner's Motion for a Temporary Restraining Order (Record Document 2) is **GRANTED IN PART and DENIED IN PART**. The Motion is **GRANTED** to the extent that it requests expedited consideration of the Habeas Petition. This matter is **REFERRED** to the Magistrate Judge for setting expedited briefing deadlines. The Motion is **DENIED** in all other respects.

An order consistent with this ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 23rd day of April, 2026.

JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT
